UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HANDY,<br>    Plaintiff,<br>  v.<br>J. TAYLOR, et al.,<br>    Defendants. | Case No. 20-cv-00305-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR A THIRD EXTENSION OF TIME TO FILE AMENDED COMPLAINT; AND DIRECTIONS TO PLAINTIFF** |

  Plaintiff, a state prisoner who is currently incarcerated at Kern Valley State Prison ("KVSP"), filed the instant *pro se* prisoner complaint under 42 U.S.C. § 1983. The Court has dismissed Plaintiff's complaint with leave to amend. Dkt. 17.

  Thereafter, the Court granted Plaintiff two extensions of time to file his amended complaint. Dkts. 20, 27. In its October 30, 2020 Order, the Court directed Plaintiff to file his amended complaint no later than November 13, 2020. Dkt. 27 at 1.

  The November 13, 2020 deadline has since passed, and Plaintiff has not filed his amended complaint. Instead, Plaintiff filed a letter requesting his third extension of time to file his amended complaint. Dkt. 28. Good cause appearing, the request is GRANTED. Plaintiff shall file his amended complaint no later than **December 30, 2020. If Plaintiff fails to file an amended complaint by the deadline above, this action will be dismissed without prejudice.**

  The Court further notes that Plaintiff has also filed two other letters dated November 19, 2020 and November 23, 2020, in which he has alleged more recent constitutional violations at KVSP. *See* Dkts. 29, 30. A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding,

under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Here, the relevant allegations (and the claims filed in the proper venue, as explained in the Court's review of Plaintiff's complaint) concern his claims of injury with respect to constitutional violations against PSBP officials stemming from an incident of alleged excessive use of force on April 18, 2019. Based on the allegations in the complaint, the Court finds any additional claims Plaintiff wishes to bring against prison officials at KVSP stemming from his current incarceration there in 2020 would be improperly joined to his claims against the PBSP defendants relating to the 2019 excessive force incident. Specifically, while Plaintiff asserts that prison officials at PBSP and KVSP violated his constitutional rights, the allegations against each group of defendants set forth distinct facts concerning alleged injuries that arose at separate prisons in different years. Thus, the claims that arose at PBSP in April 2019 did not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims asserted against the KVSP defendants. Fed. R. Civ. P. 20(a). Accordingly, the Court directs Plaintiff to file a separate action asserting any claims against KVSP prison officials in the United States District Court for the Eastern District of California, which is the proper venue for claims based on acts and omissions at KVSP.

This Order terminates Docket No. 28.

IT IS SO ORDERED.

Dated: December 15, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge